UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAMES McLAUGHLIN,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF BANGOR<br><br>    Defendant. | Civil Action No. |

**COMPLAINT**
**JURY TRIAL REQUESTED**
**INJUNCTIVE RELIEF REQUESTED**

NOW COMES the Plaintiff, James McLaughlin, ("Plaintiff" or "McLaughlin"), by and through undersigned counsel, and complains against the Defendant the City of Bangor, ("Defendant" or "the City"), as follows:

INTRODUCTION

1. This action arises under the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Maine Human Rights Act ("MHRA"), 5 M.R.S. §§ 4551, *et seq.*

2. The City of Bangor violated the ADEA and the MHRA by discriminating against Mr. McLaughlin by refusing and failing to hire him on his application for an open position because of his age, and by discriminating against him with harassment in a hostile work environment because of his age.

PARTIES

3. Plaintiff McLaughlin is a resident of the Town of Holden, Penobscot County, Maine.

4. Defendant City of Bangor is a municipality located in Penobscot County, Maine.

1

## JURISDICTION

5. Defendant had 20 or more employees for each working day in each of 20 or more calendar weeks in 2017 and 2018.

6. This Court has subject matter jurisdiction over Plaintiff's federal and state claims pursuant to 28 U.S.C. §§ 1331 and 1367.

7. Venue is proper in the District of Maine pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

8. On May 10, 2019, McLaughlin filed a timely Charge of Discrimination against Defendant alleging unlawful age discrimination with the Maine Human Rights Commission ("MHRC") and Equal Employment Opportunity Commission ("EEOC").

9. On February 10, 2020, the MHRC issued McLaughlin notice of his right to sue on his state law claims.

10. On February 27, 2020, the EEOC issued McLaughlin notice of his right to sue on his federal law claims.

11. Plaintiff McLaughlin has exhausted his administrative remedies with respect to all claims set forth in this Complaint.

## JURY DEMAND

12. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff McLaughlin hereby demands a trial by jury on issues triable of right by jury.

## FACTUAL ALLEGATIONS

13. Mr. McLaughlin was born in 1959, and as of August 2018 was 58 years of age.

14. Mr. McLaughlin had been employed by the City of Bangor as a Heavy Equipment Operator I then II in its Public Works Department for 31 years as of June 1, 2018.

15. Mr. McLaughlin performed his job duties well and received satisfactory evaluations of his work by his supervisors and annual merit pay increases or promotions each year from 1987 to 2018.

16. On or about August 7, 2018, Mr. McLaughlin submitted an application to the City of Bangor for transfer of employment to a Collection System Technician position with the Wastewater Treatment Plant Division that was posted as open for internal applications by City of Bangor employees.

17. Mr. McLaughlin had the qualifications and experience to perform or learn to perform the duties of the Collection System Technician position.

18. Mr. McLaughlin was familiar with the duties of the Collection System Technicians and was aware that the City routinely trained new employees in that position for some of the more specialized tasks entailed in that job.

19. About a week after Mr. McLaughlin submitted his application, Mr. McLaughlin told Jim Grant, the Foreman for the City's Wastewater Treatment Plant Division, that he had applied for the Collection System Technician opening.

20. Responding to Mr. McLaughlin, Mr. Grant said: "It's a young man's job. You're too old for it."

21. Feeling hurt and irritated by the unjustified rejection, Mr. McLaughlin objected, asked what Grant was talking about, and stated it was the same type of work he was doing already without any difficulty.

22. Mr. Grant responded: "I want to hire a younger person. You are too old for the job."

23. Mr. McLaughlin was disturbed, hurt and humiliated by Mr. Grant's hostile comment rejecting him because of his age and statement he wanted to hire a younger person.

24. Approximately a week later, Mr. McLaughlin asked Mr. Grant when he was going have an interview for the Collection System Technician opening.

25. Mr. Grant said: "That's over, we are done with that."

26. Mr. McLaughlin felt humiliation and distress in learning that the City had refused to interview him on his application for transfer of employment.

27. On August 28, 2018, Galen "Chip" Swan, Manager for the City of Bangor Collection System, sent the applications of Mr. McLaughlin and other applicants to Mr. Grant and copied two other City employees, and asked them all to inform him of 6 candidates of their choice for interviews.

28. Mr. McLaughlin learned from other employees of the City of Bangor that Mr. Grant had publicly stated that the City was not going to hire Mr. McLaughlin for the Collection System Technician position because he was too old.

29. Mr. Grant was talking with his supervisor, Galen "Chip" Swan, about Mr. McLaughlin's application in the presence of other people in the Collection System Department breakroom, and asked "Should we hire this guy?" Mr. Grant stated they were going to rip up Mr. McLaughlin's application, and said that Mr. McLaughlin was "washed up" and "too old." Mr. Swan nodded in agreement.

30. In a separate conversation, Mr. Grant made derogatory comments to City employees present in the City's Public Works office about Mr. McLaughlin, with words to the effect: "Would you hire him? He's going to be done in 2 years."

31. Mr. McLaughlin was humiliated, distressed and embarrassed by the City's agent's derogatory and public comments about him and that his employment application was rejected.

32. The City of Bangor never asked Mr. McLaughlin for an interview on his job application.

33. The City of Bangor rejected the applications for the Collection Systems Technician positions from several other applicants who were over the age of 40.

34. On or about September 24, 2018, the City of Bangor hired three individuals under 40 years of age for the Collection Systems Technician positions Mr. McLaughlin applied for.

35. The City of Bangor discriminated against Mr. McLaughlin on the basis of age in rejecting his application for employment as a Technician in the Wastewater Treatment Division.

36. The City of Bangor discriminated against Mr. McLaughlin on the basis of age in denying his application to transfer to employment as a Technician in the Wastewater Treatment Division.

37. As a direct consequence of the City of Bangor's discriminatory treatment and failure to hire him for the Collection Systems Technician position, Mr. McLaughlin has suffered damages including, but not limited to, lost wages, distress, humiliation, inconvenience, injury to reputation, injury to career and other pecuniary and non-pecuniary losses.

## COUNT I: AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

38. Plaintiff repeats and re-alleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

39. The City of Bangor violated the ADEA when it discriminated against Mr. McLaughlin by failing or refusing to hire him because of his age.

40. The City of Bangor violated the ADEA when it discriminated against Mr. McLaughlin with respect to his compensation, terms, conditions, or privileges of employment, by rejecting his application and denying him a transfer because of his age.

41. Mr. McLaughlin was a member of the class of persons protected by the ADEA in that he was 58 years of age at the time the City of Bangor rejected his application for employment and denied him a transfer.

42. Mr. McLaughlin applied and was qualified for the Collection System Technician position.

43. Despite Mr. McLaughlin's qualifications, the City of Bangor rejected his application and denied him a transfer.

44. After rejecting Mr. McLaughlin's application, the City of Bangor hired three employees with similar or lesser qualifications, each of whom was substantially younger than Mr. McLaughlin and was less than 40 years of age.

45. The City of Bangor's violation of Mr. McLaughlin's rights under the ADEA was intentional.

46. As a direct and proximate result of the City of Bangor's violation of the ADEA, Mr. McLaughlin suffered damages.

## COUNT II: HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

47. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs as if set forth fully herein.

48. The City of Bangor violated the ADEA by subjecting Mr. McLaughlin to a hostile work environment and harassment because of his age.

49. The repeated comments of Defendant's supervisor, Mr. Grant, regarding Mr. McLaughlin's age alleged above, including "It's a young man's job. You are too old for it," "you are too old for the job," and publicly stating to other employees that Mr. McLaughlin "was all washed up and too old," and was "going to be done in two years" were hostile, insulting, humiliating, and created a work environment that was marked by severe or pervasive discrimination against

Mr. McLaughlin because of his age.

50. The discriminatory comments and exclusionary treatment by the City's supervisors, including Mr. Grant and Mr. Swan, alleged above, including ridiculing Mr. McLaughlin because he was "too old" and discussing rejecting his application in public in front of other employees, created a work environment that was marked by humiliation, ridicule and insult, and constituted severe or pervasive discrimination against Mr. McLaughlin because of his age.

51. The hostile comments and actions of the City's supervisors, including Mr. Grant made about Mr. McLaughlin were offensive to him, and made because of his age.

52. The hostile actions of City's agents including Mr. Grant toward Mr. McLaughlin because of his age materially altered the conditions of his employment, including because it denied him employment opportunities that he sought, and harmed his reputation, and psychological well-being.

53. By subjecting Mr. McLaughlin to a hostile work environment, the City of Bangor intentionally violated Mr. McLaughlin's rights under the ADEA.

54. As a direct and proximate result of the City of Bangor's violations of the ADEA, Mr. McLaughlin suffered damages.

## COUNT III:  PUBLICATION OF DISCRIMINATORY PREFERENCE IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

55. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs as if set forth fully herein.

56. The City of Bangor violated the ADEA by publishing notice relating to employment by the City indicating a preference, limitation, specification, or discrimination based on age.

57. The comments of the City's foreman Grant to Mr. McLaughlin, including "It's a young man's job. You're too old for it," "I want to hire a younger person. You are too old for the job" published notice of the City's discriminatory preference, limitation, specification, or discrimination based on age in violation of the ADEA.

58. The comments of the City's foreman Grant to and in the presence of other City employees, including statements to Manager Galen Swan about Mr. McLaughlin's application, saying "Should we hire this guy?" that they were going to rip up Mr. McLaughlin's application, that Mr. McLaughlin was "washed up" and "too old" and Mr. Swan's communicated agreement, published notice of the City's preference, limitation, specification, or discrimination based on age in violation of the ADEA.

59. Foreman Grant's derogatory comments to City employees present in the City's Public Works office about Mr. McLaughlin, with words to the effect: "Would you hire him? He's going to be done in 2 years" published notice of the City's preference, limitation, specification, or discrimination based on age that violated the ADEA.

60. The discriminatory public notices the City's agents made about Mr. McLaughlin because of his age adversely affected the terms and conditions of his employment, including because it denied him employment opportunities that he sought, and harmed his reputation and psychological well-being.

61. By giving notice of discriminatory preferences against employing employees based on age, the City of Bangor intentionally violated Mr. McLaughlin's rights under the ADEA.

62. As a direct and proximate result of the City of Bangor's violations of the ADEA, Mr. McLaughlin suffered damages.

## COUNT IV: AGE DISCRIMINATION IN VIOLATION OF THE MAINE HUMAN RIGHTS ACT (MHRA)

63. Plaintiff repeats and re-alleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

64. The City of Bangor violated the MHRA when it discriminated against Mr. McLaughlin by failing or refusing to hire him because of his age.

65. The City of Bangor violated the MHRA when it discriminated against Mr. McLaughlin with respect to his tenure, promotion, transfer, compensation, terms, conditions or privileges of employment, by rejecting his application and denying him a transfer because of his age;

66. Mr. McLaughlin was a member of the class of persons protected by the MHRA in that he was 58 years of age at the time the City of Bangor rejected his application for employment and denied him a transfer.

67. Mr. McLaughlin applied and was qualified for the Collection System Technician position;

68. Despite Mr. McLaughlin's qualifications, the City of Bangor rejected his application and denied him a transfer;

69. After rejecting Mr. McLaughlin's application, the City of Bangor hired three employees with similar or lesser qualifications, each of whom was substantially younger than Mr. McLaughlin.

70. The City of Bangor's violation of Mr. McLaughlin's rights under the MHRA was intentional.

71. As a direct and proximate result of the City of Bangor's violation of the MHRA, Mr. McLaughlin suffered damages.

## COUNT V: HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE MAINE HUMAN RIGHTS ACT

72. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs as if set forth fully herein.

73. The City of Bangor violated the MHRA's prohibition on discriminating on the basis of age with respect to conditions or privileges of employment or any other matter directly or indirectly related to employment by subjecting Mr. McLaughlin to a hostile work environment and harassment because of his age.

74. The repeated comments of Defendant's supervisor, Mr. Grant, regarding Mr. McLaughlin's age alleged above, including "It's a young man's job. You are too old for it," "you are too old for the job," and telling other employees that Mr. McLaughlin "was all washed up and too old," and was "going to be done in two years" were hostile, insulting, humiliating, and created a work environment that was marked by severe or pervasive discrimination against Mr. McLaughlin because of his age.

75. The discriminatory comments and exclusionary treatment by the City's supervisors, including Mr. Grant and Mr. Swan, alleged above, including ridiculing Mr. McLaughlin because he was "too old" and discussing rejecting his application in public, before other employees, created a work environment that was marked by humiliation, ridicule and insult, and constituted severe or pervasive discrimination against Mr. McLaughlin because of his age.

76. The hostile comments and actions of the City's supervisors, including Mr. Grant made about Mr. McLaughlin were offensive to him, and made because of his age.

77. The hostile actions of City's agents including Mr. Grant toward Mr. McLaughlin because of his age materially altered the conditions of his employment, including because it denied him employment opportunities that he sought, and harmed his reputation, and psychological well-being.

78. By subjecting Mr. McLaughlin to a hostile work environment, the City of Bangor intentionally violated Mr. McLaughlin's rights under the MHRA.

79. As a direct and proximate result of the City of Bangor's violations of the MHRA, Mr. McLaughlin suffered damages.

### COUNT VI:  PUBLICATION OF DISCRIMINATORY PREFERENCE IN VIOLATION OF THE MAINE HUMAN RIGHTS ACT

80. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs as if set forth fully herein.

81. The City of Bangor violated the MHRA by publishing notice relating to employment by the City indicating a preference, limitation, specification, or discrimination based on age.

82. The comments of the City's foreman Grant to Mr. McLaughlin, including "It's a young man's job. You're too old for it," "I want to hire a younger person.  You are too old for the job" published notice of the City's preference, limitation, specification, or discrimination based on age in violation of the MHRA.

83. The comments of the City's foreman Grant to and in the presence of other City employees, including statements to Manager Galen Swan about Mr. McLaughlin's application, saying "Should we hire this guy?" that they were going to rip up Mr. McLaughlin's application, that Mr. McLaughlin was "washed up" and "too old" and Mr. Swan's communicated agreement,

published notice of the City's preference, limitation, specification, or discrimination based on age in violation of the MHRA.

84. Foreman Grant's derogatory comments to City employees present in the City's Public Works office about Mr. McLaughlin, with words to the effect: "Would you hire him? He's going to be done in 2 years" published notice of the City's preference, limitation, specification, or discrimination based on age that violated the MHRA.

85. The discriminatory public notices the City's agents made about Mr. McLaughlin because of his age adversely affected the terms and conditions of his employment, including because it denied him employment opportunities that he sought, and harmed his reputation and psychological well-being.

86. By giving notice of discriminatory preferences against employing employees based on age, the City of Bangor intentionally violated Mr. McLaughlin's rights under the MHRA.

87. As a direct and proximate result of the City of Bangor's violations of the MHRA, Mr. McLaughlin suffered damages.

## COUNT VII: ACTING ON A POLICY DENYING EMPLOYMENT BASED ON AGE IN VIOLATION OF THE MAINE HUMAN RIGHTS ACT

88. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs as if set forth fully herein.

89. The City of Bangor violated the MHRA by establishing, announcing or following a policy of denying or limiting employment opportunities of any group because of the age of that group.

90. The comments of the City's foreman Grant to Mr. McLaughlin, including "It's a young man's job. You're too old for it," "I want to hire a younger person. You are too old for the job" established, announced or followed a policy of denying or limiting employment opportunities

of a group because of age in violation of the MHRA.

91. The comments of the City's foreman Grant to and in the presence of other City employees, including statements to Manager Galen Swan about Mr. McLaughlin's application, saying "Should we hire this guy?" that they were going to rip up Mr. McLaughlin's application, that Mr. McLaughlin was "washed up" and "too old" and Mr. Swan's communicated agreement, established, announced or followed a policy of denying or limiting employment opportunities of a group because of age in violation of the MHRA.

92. Foreman Grant's derogatory comments to City employees present in the City's Public Works office about Mr. McLaughlin, with words to the effect: "Would you hire him? He's going to be done in 2 years" established, announced or followed a policy of denying or limiting employment opportunities of a group because of age in violation of the MHRA.

93. The discriminatory policies the City's agents announced and applied against Mr. McLaughlin because of his age adversely affected the terms and conditions of his employment, including because it denied him employment opportunities that he sought, and harmed his reputation and psychological well-being.

94. By announcing and following policies limiting employment opportunities based on age, the City of Bangor intentionally violated Mr. McLaughlin's rights under the MHRA.

95. As a direct and proximate result of the City of Bangor's violations of the MHRA, Mr. McLaughlin suffered damages.

## PRAYER FOR RELIEF

Plaintiff McLaughlin respectfully requests that the Court grant the following relief:

A. Declare the conduct engaged in by Defendant to be in violation of his rights under the ADEA and MHRA;

B. Enjoin Defendant, its agents, employees, and those acting in concert with it from continuing to discriminate based on age and from continuing to violate his rights;

C. Order Defendant to transfer Plaintiff to employment as a Collection System Technician or award front pay to Plaintiff;

D. Award Plaintiff equitable relief for back pay, and benefits;

E. Award compensatory damages under the MHRA in an amount to be determined at trial;

F. Award Plaintiff lost wages under the ADEA;

G. Award Plaintiff liquidated damages under the ADEA;

H. Award nominal damages;

I. Award attorney's fees, including legal expenses, and costs;

J. Award prejudgment interest;

K. Permanently enjoin Defendant from engaging in any employment practices which discriminate on the basis of age;

L. Require Defendant's City Manager to mail a letter to all employees notifying them of the verdict against it and stating that Defendant will not tolerate discrimination in the future;

M. Require that Defendant post a notice in all of its workplaces of the verdict and a copy of the Court's order for injunctive relief;

   N. Require that Defendant train all management level employees on the protections afforded by the MHRA and ADEA;

   O. Require that Defendant place a document in Plaintiff's personnel file which explains that Defendant rejected his application because of age discrimination; and

   P. Grant to Plaintiff such other and further relief as may be just and proper.


DATE: May 7, 2020        */s/ Lisa J. Butler*_____
                 Lisa J. Butler, Esq.
                 Maine Employee Rights Group, P.A.
                 23 Water Street, Suite 207
                 Bangor, Maine 04401
                 lbutler@maineemployeerights.com
                 Telephone: (207) 217-6573

                 Attorney for Plaintiff